UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH M. BATTLE, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) 1:17-cv-00185-GZS |
| | ) |
| SUPERINTENDENT, | ) |
| CHARLESTON CORRECTIONAL | ) |
| FACILITY, | ) |
| | ) |
| Respondent | ) |

### RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

In this action, Petitioner Joseph M. Battle, Jr., seeks relief pursuant to 28 U.S.C. § 2254.[1] (Petition, ECF No. 3.) In the first ground of the petition, Petitioner evidently challenges the judgment and conviction based on the evidence at trial, and in the second ground, he alleges he did not have an impartial jury. (*Id.* at 5, 7.) He also alleges ineffective assistance of counsel. (*Id.* at 6.)

Petitioner was tried and convicted in 2014 in state court of aggravated assault. (Judgment and Conviction, Amended State Court Record, ECF No. 11-1 at 18.) Petitioner did not appeal from the conviction, he did not seek leave to review the sentence, and he did not seek post-conviction review. The State has moved to dismiss the section 2254 petition

---

[1] Based on the docket sheets and the filings in the amended state court record, Petitioner is apparently also known as Joseph M. Earle. (Amended State Court Record ("Record"), ECF No. 11-1 *passim*.)

because it was not filed timely, and because Petitioner failed to exhaust his state court remedies. (Response, ECF No. 10 at 4-5.)

Following a review of the record, the petition, and the State's response, I recommend the Court grant the State's request, and dismiss the petition.

**DISCUSSION**

Petitioner was convicted by a jury in March 2014, and sentenced by the state court on April 16, 2014. Petitioner filed this action on May 23, 2017. The petition was not filed timely under 28 U.S.C. § 2244(d).[2]

Petitioner's one-year limitation period for filing the section 2254 petition started when the judgment became final, pursuant to section 2244(d)(1)(A). A conviction is final when the "availability of direct appeal to the state courts and to [the United States Supreme

---

[2] Title 28 U.S.C. § 2244(d) provides in pertinent part:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Court] has been exhausted." *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (citations and quotation marks omitted). The time to appeal from Petitioner's 2014 judgment expired 21 days after the judgment, pursuant to Rule 2(b)(2)(A) of the Maine Rules of Appellate Procedure. Because Petitioner did not appeal from his conviction and sentence, Petitioner's judgment of conviction became final on or about May 8, 2014. Petitioner's section 2254 petition, therefore, was not filed within one year of the date on which the judgment became final.

The petition was thus not filed timely under section 2244(d)(1)(A), and Petitioner alleges no facts that would invoke any of the other subsections of section 2244(d)(1).[3] Furthermore, neither Petitioner's allegations nor the record suggests any issue involving equitable tolling of the limitations period. *See Ramos-Martínez v. United States*, 638 F.3d 315, 324 (1st Cir. 2011) (concluding the record was "too underdeveloped" to permit a "reasoned analysis" of equitable tolling, but noting "that the petitioner made some efforts both to file a petition and to keep tabs as to what progress was being made").[4]

---

[3] Petitioner may contend his petition was filed timely because he initiated his claim within one year of an order on a probation revocation motion. (Petition, ECF No. 3 at 1.) Specifically, Petitioner cites a date of November 18, 2015, for the challenged judgment, rather than the April 16, 2014, date of the judgment and conviction. (Petition, ECF No. 3 at 1; Record at 18.) The November 18, 2015, date appears in the record as the date of the offense that resulted in a March 9, 2016, probation revocation order. (Record at 27-28.) However, Petitioner's section 2254 petition makes clear that Petitioner's substantive claims relate to counsel's performance at the trial; in ground one, Petitioner alleges he did not raise the issue in a state court appeal due to ineffective assistance of the attorney who represented him at trial (the attorney withdrew in April 2015), and in ground two, Petitioner alleges an impartial jury. In addition, the Supreme Court held in *Coleman v. Thompson*, 501 U.S. 722, 752-54 (1991), that the State has no federal constitutional responsibility to provide counsel in post-conviction proceedings. Because Petitioner challenges the trial judgment, the relevant limitation period was triggered by the date of the judgment and commitment, rather than the date of any of the orders revoking Petitioner's probation.

[4] The State also argues Petitioner failed to exhaust state court remedies, pursuant to 28 U.S.C. § 2254(b)(1). (Response, ECF No. 10 at 4.) Because the petition was not filed timely under 28 U.S.C. § 2244(d), there is no basis on which to issue a temporary stay of the federal proceedings to permit Petitioner to exhaust his

Because Petitioner did not file the petition within the applicable limitations period, dismissal of the petition is warranted.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of August, 2017.

---

claims in state court. *See Johnson v. Lee*, 136 S. Ct. 1802, 1804 (2016) (per curiam) (noting, as part of the case procedural history, that the district court stayed the federal proceedings to permit the petitioner to exhaust available state court remedies); *Green v. Booher*, 42 F. App'x 104, 106 (10th Cir. 2002) (noting that "[a] properly filed application for post-conviction review in state court tolls the limitation period" under section 2244(d)(2), but holding that the petitioner's "state application could not toll the federal limitation period, because he did not file it until after the one-year period had expired").

4